**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUSAN J. STROMBERG, *on behalf of herself and those similarly situated*, <br><br> **Plaintiff,** <br><br> v. <br><br> MIDLAND FUNDING, LLC, et al., <br><br> **Defendants.** | **Civil Action No. 16-9288 (ES) (MAH)** <br><br><br> **OPINION** |

## I.    INTRODUCTION

Presently before the Court is the motion of Plaintiff Susan Stromberg's ("Plaintiff" or "Stromberg") daughter, Heather Dunham ("Dunham"), to substitute herself, as Administrator Ad Prosequendum of Plaintiff's Estate, as Plaintiff pursuant to Federal Rule of Civil Procedure 25. Mot. to Substitute Party, Jan. 9, 2026, D.E. 221. Defendants Midland Funding LLC and Midland Credit Management (collectively, "Defendants") oppose the motion. Defs.' Opp'n, Feb. 23, 2026, D.E. 226. The Undersigned has considered this matter without oral argument. Fed. R. Civ. P. 78; Local Civ. R. 78.1. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## II.    BACKGROUND

This Opinion assumes familiarity with the facts and protracted procedural history of this case. However, a summary of the facts and procedural history is useful to provide context for the instant motion.

### a.  Factual Background

Plaintiff incurred debt on an account she held at Capital One Bank ("Capital One"). Plaintiff made payments on the account until March 2010, when she defaulted on her debt. Defendants then purchased Plaintiff's account from Capital One and attempted to collect on the defaulted debt by sending a collection letter on December 16, 2015.  According to Plaintiff, the letter "included settlement offers and 'pre-approved' discounts and savings."

Plaintiff claims that Defendants sent the collection letter after applicable statute of limitations for contract obligations had passed.  Plaintiff also alleges that the collection letter was boilerplate in form, misrepresented that the debt was enforceable, failed to disclose that the debt collection was time-barred, and failed to warn Plaintiff that her settlement of, or payment towards, the debt could re-start the statute of limitations.  Plaintiff claims that she relied on these misrepresentations and omissions in the collection letter, and believed that Midland would initiate litigation to recover the debt.  Plaintiff claims that Midland's practices violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  She also alleges that Midland routinely attempted to collect debts in this manner.  Accordingly, Plaintiff brought suit on behalf of herself and those similarly situated for FDCPA violations, and sought damages, attorney's fees, and interest.

### b.  Procedural History

Plaintiff filed a putative class action against Defendants on December 15, 2016.  Compl., D.E. 1.  The case was stayed on April 5, 2017, D.E. 11, and reopened on March 15, 2018, D.E. 13, after the Third Circuit Court of Appeals decision in *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 425 (3d Cir. 2018) (holding that "a collection letter sent to collect a time-barred debt that makes a 'settlement offer' to accept payment 'in settlement of' the debt could violate the

2

[FDCPA]"). Plaintiff filed an Amended Complaint on June 25, 2018. D.E. 29. She filed the Second Amended Complaint on April 9, 2019. D.E. 74. On October 13, 2021, Plaintiff moved for class certification. D.E. 154. The Court denied that motion without prejudice on April 18, 2024. D.E. 173.

On January 17, 2025, Plaintiff's counsel notified the Court by way of letter that Plaintiff had passed away on April 23, 2023. D.E. 187. On January 21, 2025, the Court directed the parties to submit a joint status report to address whether an estate had been created and whether substitution would be pursued. D.E. 188. The parties filed a joint status letter on March 17, 2025. D.E. 189. In that joint letter, Plaintiff's counsel indicated that he had been unable to contact Stromberg's next of kin and requested a stay of the case in the interim. *Id.* Defendants objected to a stay. *Id.* On April 7, 2025, Plaintiff's counsel again requested the action be administratively terminated with a right to re-open when Dunham took over Stromberg's estate. D.E. 196.

On May 16, 2025, Defendants submitted a letter arguing that Plaintiff's counsel had failed to timely move to substitute party under Rule 25. Letter, D.E. 200. Plaintiff's counsel responded that the January 17, 2025 letter did not constitute a formal suggestion of death required by Rule 25, and, in any event, Rule 6(b) allows for a party to make a motion beyond the Rule 25's deadline. Letter, May 20, 2025, D.E. 201. The Undersigned reviewed these letters and referred the parties back to mediation, noting that "if mediation is unsuccessful" the Court would "address the Rule 25 issue by way of motion practice." Order, May 21, 2025, D.E. 202.

By letter filed October 8, 2025, the parties informed the Court that mediation was unsuccessful. Letter, D.E. 209. Defendants stated that they had "requested some clarity as to who would be representing the deceased plaintiff," and wanted it to be made clear, in writing,

that Dunham would ultimately be the estate administrator. *Id.* Defendants also wanted details regarding the probate/administration proceeding. Defendants, citing *Filgueiras v. Midland Funding, LLC*, No. 16-3037, 2025 WL 2636416 (D.N.J. Sept. 11, 2025), additionally requested that the present case be dismissed for lack of Article III standing.[1] *Id.* Defendants did not restate their prior contention that the deadline to move under Rule 25 had passed. *Id.*

On December 19, 2025, the District Court held a status conference and administratively terminated the action pending resolution "of whether a motion to substitute Plaintiff's next or kin will be filed, or whether counsel will be filing a motion to withdraw." D.E. 220. Regarding a Rule 25 motion, the Court indicated that "[a]ny such motion shall be filed by no later than Friday, January 9, 2026." *Id.* Thereafter, the instant motion to substitute was filed on January 9, 2026. Mot. to Substitute Party, D.E. 221. Defendants opposed, and Plaintiff filed a reply. Defs.' Opp'n, Feb. 3, 2026, D.E. 226; Pl.'s Reply, Feb. 10, 2025, D.E. 227.

## III.   DISCUSSION

Rule 25 states, in pertinent part, that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days of service of a statement noting the death, the action by or against the decedent must be dismissed.

A court considering a Rule 25 motion "must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Veliz v. Cintas Corp.*, No. 03-1180, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008). The decision of whether to grant the motion for substitution is within the discretion of the trial court.

---

[1] Defendants did not, and indeed have not, made a formal motion challenging Article III standing or this Court's subject matter jurisdiction over this action.

*McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3rd Cir. 1994) (citing Fed. R. Civ. P. 25(a)). While a trial court does have the discretion to deny the motion, such a denial, without cause, is rare. *See Saylor v. Bastedo*, 623 F.2d 230, 237 (2d Cir. 1980) (noting that "it is difficult to imagine a case where discretion might properly be exercised to deny a motion to substitute for a deceased plaintiff made within the rule's time limits"); *see also In re Baycol Prods. Litig.*, 616 F.3d 778, 783 (8th Cir. 2010) (explaining that "the Advisory Committee on the 1963 amendments to [Rule] 25 intended that motions to substitute be freely granted").

The Court will first address whether Plaintiff's FDCPA claims survive her death. Next, the Court will consider whether the movant's motion is timely. Finally, the Court will consider whether the movant is a proper party for substitution. For the reasons stated herein, the Court concludes that Plaintiff's claims are not extinguished, that the motion is timely, and that Plaintiff's daughter is a proper party for substitution. Therefore, the motion for substitution is granted.

### a. Plaintiff's claims are not extinguished

The threshold inquiry when analyzing a motion to substitute is whether the underlying claim is extinguished. *Giles v. Campbell*, 698 F.3d 153, 155-56 (3d Cir. 2012). Rule 25 "does not resolve the question [of] what law of survival of actions should be applied . . . [It] simply describes the *manner* in which parties are to be substituted in federal court once it is determined that the applicable substantive law allows the action to survive a party's death." *Robertson v. Wegmann*, 436 U.S. 584, 587 n.3 (1978) (alterations and emphasis in original).

The FDCPA was passed because of Congressional concern that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d

Cir. 2006) (alteration in original) (quoting 15 U.S.C. § 1692(a)).  The "[FDCPA] provides consumers with a private cause of action against debt collectors who fail to comply with the Act."  *Id.* (citing 15 U.S.C. § 1692(k)).  "Because the FDCPA is a remedial statute," courts "construe its language broadly, so as to effect its purpose."  *Id.*

When a federal statute does not contain an express survivorship provision, courts have concluded that a plaintiff's claim can survive his or her death.  *See Acebal v. United States*, 60 Fed. Cl. 551, 555 (Fed. Cl. 2004) ("That actions at law could survive the death of a party absent a specific saving provision has long been the rule and was contemplated by the First Congress."); *see also Cox v. Roth*, 348 U.S. 207, 210 (1955) (finding that a Jones Act claim survives the death of a party); *Sinito v. U.S. Dep't of Just.*, 176 F.3d 512, 513 (D.C. Cir. 1999) (interpreting the Freedom of Information Act and finding that just because there is no "specific clause in the statute providing that the action should survive the death of the original party does not necessarily mean that Congress intended the action to abate upon the party's death").  The court in *Sinito* explained that "whether a cause of action based on a federal statute survives the death of the plaintiff is a question of federal law."  *Id.*  Thus, the "court's role is to 'formulate a federal rule of decision that best serves the goals which underlie the federal right of action itself,' and thereby 'effectuate the will of Congress as best [we] can.'"  *Id.* (alteration in original) (quoting *Mallick v. Int'l Bhd. Of Elec. Workers*, 814 F.2d 674, 677 (D.C. Cir. 1987)).

To determine survivability, courts distinguish between statues that are penal and those that are remedial.  *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483 (N.D. Cal. 2004).  In *Bracken*, the court explained that penal statutes extinguish upon death because "'penalties do not survive for the reason that a decedent is beyond punishment,'" whereas remedial statutes survive because they are intended to compensate an injured party.  *Id.* (quoting *Derdiarian v. Futterman*

6

*Corp.*, 223 F. Supp. 265, 269 (S.D.N.Y. 1963)). In distinguishing between penal and remedial statutes, courts examine whether the statute is designed to redress harm suffered by an individual as opposed to a wrong committed against the public at large, whether any recovery is awarded to the injured party rather than to the public, and whether the recovery amount authorized is proportionate to the harm suffered. *Id.* at 484. Applying these factors, courts hold that the FDCPA is properly characterized as remedial; therefore, FDCPA claims survive the death of a plaintiff. *Id.* at 483; *cf. Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013) (explaining that the FDCPA is remedial in nature and should be construed broadly to effect its purpose).

Courts have permitted substitution of deceased plaintiffs in FDCPA actions. In *Cruz v. Int'l Collection Corp.*, the district court permitted the decedent's son to substitute as plaintiff after the original FDCPA claimant passed away during the litigation. 673 F.3d 991, 996 (9th Cir. 2012). Although the Ninth Circuit did not directly address substitution on appeal, the district court's ruling reflects that an FDCPA claim does not extinguish at an FDCPA plaintiff's death. Moreover, trial courts in other districts have specifically held that FDCPA claims survive a plaintiff's death. For example, in *Jewett v. Bishop, White Marshall & Weibel*, the plaintiff filed a complaint alleging an FDCPA violation and later passed during the pendency of litigation. No. 12-10142, 2013 WL 6818245, at *1 (C.D. Cal. Feb. 25, 2013). The plaintiff's attorney filed a motion to substitute the decedent's husband under Rule 25. *Id.* Although the defendant opposed the proposed substitution, the court held that the plaintiff's FDCPA claim was not extinguished. *Id.* at *2. Similarly, in *Mason v. Asset Acceptance, LLC*, the court, in considering a motion to substitute in an FDCPA case, allowed the original plaintiff's sister to substitute for her following her death. No. 06-735, 2007 WL 2112347, at *1 (S.D. Ohio July 9, 2007). Similarly, in *Cuoco*

*v. Palisade Collection, LLC*, this court found that a plaintiff's FDCPA and state law claims were not extinguished upon the plaintiff's death.  No. 13-6592, 2014 WL 956229, at *6 (D.N.J. Mar. 11, 2014).

Like the plaintiffs in *Cuoco*, *Cruz*, *Jewett*, and *Mason*, who successfully moved to substitute pursuant to Rule 25, the Plaintiff here passed away after filing FDCPA claims. Defendants' brief does not appear to address this element in full.  Defendants argue that "Dunham has not suggested how she will be able to establish Stromberg's standing to sue now that Stromberg is dead."  Defs.' Opp'n, D.E. 226, at 4.  Defendants assert that Dunham lacks personal knowledge of Stromberg's alleged damages, and that Stromberg passed away on April 23, 2023, before merits-based discovery began, thereby preventing Defendants from conducting discovery regarding Stromberg's claims.  *Id.* at 4-5.

But whether Dunham can establish standing on her own is not part of the survivability analysis.  And certainly, whether Dunham ultimately will be able to introduce evidence to support the alleged FDCPA violations, whether such as documentary evidence or the testimony of other witnesses, is a proofs issue for dispositive motion practice and trial.  A substituted party simply "steps into the same position of the original party." *Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. 1971).  In *Cuoco*, *Cruz*, *Jewett*, and *Mason*, the substituted plaintiffs also were not consumers under the FDCPA.  Rather, they were standing in for the original plaintiffs, who were consumers before their deaths.  Defendants' concerns regarding Dunham's personal knowledge and the absence of merit-based discovery are irrelevant to whether Stromberg's claims survive. Therefore, the Court concludes that Plaintiff's FDCPA claim was not extinguished upon death.[2]

---

[2]  This Opinion and Order resolve solely whether substitution under Rule 25 is appropriate at this stage in the litigation.  The Court takes no position at this time on whether Stromberg has Article

### b.   The motion to substitute is timely

Plaintiff argues that the ninety-day period to file a motion to substitute under Rule 25 is not triggered until a party's death is formally suggested on the record via a proper filing and service.  Plaintiff contends that mere reference to death—such as the January 17, 2025 letter—is insufficient to start the clock.  Mot. to Substitute Party, D.E. 221-1, at 3.  Plaintiff also asserts that Federal Rule of Civil Procedure 6(b) permits courts to enlarge the time for substitution "if request thereof is made before the expiration of the period originally prescribed."  *Id.* at 5.  Plaintiff notes that the Court administratively terminated the action and set January 9, 2026 as the deadline for filing any motion to replace Plaintiff with her next of kin, thereby establishing the operative deadline for submission.  *Id.* at 7.  Plaintiff further asserts there has been no bad faith or delay, as Heather Dunham was appointed Administrator Ad Prosquendum on December 8, 2025, and the motion was filed shortly thereafter.  *Id.*  Lastly, Plaintiff argues Defendants will not suffer any prejudice because substitution does not change the posture of the case but merely allows the claims to proceed through the estate's representative.  *Id.*

Defendants contend that the instant motion is untimely because Plaintiff's January 17, 2025 letter suggesting that Plaintiff had passed away triggered Rule 25's ninety-day time limit for filing a motion to substitute party.  Defs.' Opp'n Br., D.E. 226, at 6.  Accordingly, Defendants argue Plaintiff's counsel had until April 17, 2025 to make this motion.  *Id.* at 7.  Defendants maintain that Judge Salas' December 19, 2025 order did not retroactively extend the deadline, as Federal Rule of Civil Procedure 6(b) permits extensions of expired deadlines only

---

III standing in view of *Filgueiras v. Midland Funding, LLC*, No. 16-3037, 2025 WL 2636416 (D.N.J. Sept. 11, 2025).

upon a showing of excusable neglect, which was neither requested nor found. *Id.* Accordingly, Defendants contend that the motion is untimely and should be denied. *Id.* at 9.

Rule 25 provides that a motion to substitute must be filed "within 90 days after service of a statement noting the death[]." However, two affirmative steps must be taken to "trigger the running of the 90 day period." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The party seeking to substitute must: (1) "formally suggest the death of the party upon the record," and (2) "serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Id.* The ninety-day clock does not run from the actual date of death; rather, it begins after a valid suggestion of death is filed. *See Hawes v. Johnson & Johnson*, 940 F. Supp. 697, 699 (D.N.J. 1996) (explaining that Rule 25's ninety-day time period "begins only after a party's death is 'formally suggested on the record by the filing and service of a written statement of the fact of death as provided in Rule 5 of the Federal Rules of Civil Procedure and Form 30'" (quoting *Blair v. Beech Aircraft Corp.*, 104 F.R.D. 21, 22 (W.D. Pa. 1984))).

"Circuit courts differ on whether Rule 25(a)(1) requires that the statement of death identify the representative or successor who may be substituted as a party." *Nationwide Prop. & Cas. Co. v. Target Homes, Inc.*, 2013 WL 785085, *2 (W.D. Pa. Mar. 1, 2013) (first citing *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998) (not requiring the identity of the party to be substituted) and then citing *McSurely v. McClellan*, 753 F.2d 88, 98 (D.C. Cir. 1985) (requiring the identity of party to be substituted)). To date, the Third Circuit Court has not ruled on the issue. *Id.*

At the same time, courts have made clear that the ninety-day period is triggered only when death is formally suggested upon the record through the filing and service of a written

statement in compliance with the Federal Rules. *Blair*, 104 F.R.D. at 22. A mere reference to a party's death in a pleading is insufficient to commence the ninety-day substitution period. *Id.* For example, in *Hawes*, the court considered whether a reference to a party's death contained in a reply brief was sufficient to trigger the ninety-day period. 940 F. Supp. at 699-700. The court held it was not, explaining that because the parties did not file a formal writing, the clock had not begun to run. *Id.*

The threshold issue is whether the January 17, 2025 letter constituted a valid statement noting death sufficient to trigger Rule 25's ninety-day period. There is reason to find that the January 17th letter did constitute a valid statement under Rule 25. The January 17th letter was filed as a standalone letter on the docket. It totaled one page, and clearly and expressly notified the Court of Stromberg's death. The submission is qualitatively different than the disputed filings in *Blair* and *Hayes*. In *Blair*, the only reference to the party's death appeared within another pleading and no separate formal written statement was filed or served. 104 F.R.D at 22. In *Hawes*, the reference to death was embedded in a reply brief and therefore did not trigger the running of the ninety-day period. 940 F. Supp. at 699-700. Thus, the filing appears more akin to a formal notice than the incidental references deemed insufficient in prior cases.

There also are two reasons to question whether the January 17th letter was sufficient to trigger Rule 25's ninety-day period. For one, the letter was not purely a suggestion of death. The parties jointly submitted the letter in response to the Court's November 1, 2024 Order of Reference to Mediation Pursuant to Local Civil Rule 301.1. D.E. 186. That Order referred the matter to mediation and required the parties to provide a status report on their progress in mediation by January 17, 2025. *Id.* The January 17th letter noted the passing of Plaintiff in the context of explaining why the mediation could not proceed. D.E. 187.

Second, as Plaintiff notes, the January 17th letter did not name a successor or estate representative and expressly stated that the estate proceedings had not yet begun.[3]  Reply, D.E. 227, at 5.  As noted above, the Third Circuit has not resolved whether the Rule 25(a)(1) requires the suggestion of death to identify the successor to be substituted in for the deceased plaintiff, and circuit courts are split on this issue.  Therefore, the Court cannot simply accept Plaintiff's urging to follow the Second Circuit in *Unicorn Tales*, which required the identity of a representative or successor in a suggestion of death.  *Unicorn Tales, Inc.*, 138 F.3d at 470.

In any event, the Court need "not decide whether Rule 25(a)(1) requires identification of a representative or successor." *Nationwide Prop.*, 2013 WL 785085, at *2.  That is because even if the Court followed the D.C. Circuit in *McSurely* and "assume[d] that Rule 25(a)(1) contains no inherent requirement that a successor be identified," as explained below, "an extension of the 90 day period would be appropriate in this case," *Nationwide Prop.*, 2013 WL 785085, at *2, pursuant to Rule 6(b).

The timeliness analysis here ultimately turns on whether, under Federal Rule of Procedure 6(b), the Court extended the deadline by which Dunham could file the instant motion.  A review of the docket indicates the Court indeed intended to extend that deadline.

---

[3]  Plaintiff also argues that the January 17th letter did not conform with Form 30.  Form 30 was "contained in the Appendix of Forms to the Federal Rules of Civil Procedure." *In re Klein*, 36 B.R. 390, 392 (E.D.N.Y. 1984).  Form 30 provided as follows:  "A.B. [describe as a party, or as executor, administrator, or other representative or successor of C.D., the deceased party] suggests upon the record, pursuant to Rule 25(a)(1), the death of C.D. [describe as party] during the pendency of this action." *Id.*

The 2015 Amendments to Federal Rule of Civil Procedure 84 and the Appendix of Forms abrogated the Appendix of Forms. *See* 2015 Amendment to F.R.C.P. 84.  Therefore, Form 30 no longer appears to be the only way in which a suggestion of death can be placed upon the record.  The January 17th letter, with the exception of explicitly mentioning Rule 25, otherwise substantially comports with Form 30.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "The history of Rule 6(b) and Rule 25(a) make clear that district courts have discretion to enlarge the period of time to substitute a deceased party, and extensions of the period may be liberally granted." *West v. C.R. Bard Inc.*, No. 21-1541, 2022 WL 1557781, at *2 n.2 (E.D. Pa. May 17, 2022) (citing *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017)).

Defendants argue that "a plain review of the record shows that there was never any request to extend the time to file a motion for substitution prior to April 17, 2025." The Undersigned disagrees. On March 17, 2025, Plaintiff's counsel requested that the matter be stayed or administratively terminated pending resolution of the probate proceedings. Letter, D.E. 189. On April 7, 2025, Plaintiff's counsel again requested "that the action be administratively terminated with a right to re-open upon the completion of appointment of Ms. Dunham as the personal representative of her mother's estate." Letter, D.E. 196. The Court construes these requests as requests to extend time. Plaintiff's counsel had good cause to request administrative termination, as "Rule 25 . . . does not provide for the substitution of an unknown party." *Luciani v. City of Philadelphia*, No. 10-2918, 2012 WL 3020350, at *7 (E.D. Pa. July 23, 2012). And while Plaintiff's counsel knew Dunham was seeking to take over Stromberg's estate on April 7, 2025, that outcome was not certain to occur. Accordingly, Plaintiff made requests for an administrative stay on both March 17, 2025 and April 7, 2025, which the Court eventually granted on December 19, 2025.

Even if Plaintiff's counsel never formally requested an extension of time to file a motion to substitute, it is clear by the Court's actions that the time was extended. The Undersigned

indicated as much on May 21, 2025, stating that the parties would "address the Rule 25 issue by way of motion practice" if mediation failed. Order, D.E. 202. Thereafter, the Court referred the parties to mediation, Order, July 1, 2025, D.E. 207, which was unsuccessful, Letter, Oct. 8, 2025, D.E. 209. In fact, in that October 8, 2025 letter, Defendants did not mention Rule 25's ninety-day deadline at all. *Id.* Rather, Defendants indicated that they had inquired about the status of Stromberg's estate and whether Dunham would be named as administrator. *Id.* Defendants portion of the letter also requested that the Court dismiss this action for lack of Article III standing based on the *Filgueiras* decision. But the letter is noticeably silent concerning Rule 25's deadline.

After several adjournments, the Court held a telephone conference on December 19, 2025. Order, D.E. 220. By that time, it was clear that Dunham oversaw the estate. Defendants' position regarding whether a motion to substitute could be filed has also been clear since May 16, 2025. *See* Letter, D.E. 200 ("Rule 25 makes it clear that 90 days after the suggestion of death is placed on the record – January 17, 2025 in this case – any lawsuit involving a deceased person must be dismissed."). But after that conference, rather than dismissing the case for failure to timely file a motion to substitute, Judge Salas provided Plaintiff's counsel with one final opportunity to file the instant motion. *Id.* Accordingly, because Plaintiff's counsel requested an administrative termination within the ninety-day time limit proscribed by Rule 25, and this request was eventually granted, affording Plaintiff the opportunity to file the instant motion, the Court finds that the instant motion is timely.

### c. Movant is a proper party for substitution.

"Rule 25 only permits the substitution of 'proper parties.'" *Graham v. Henderson*, 224 F.R.D. 59, 63 (N.D.N.Y. 2004). The Eighth Circuit, synthesizing the case law, explained that "a

14

person may be a 'successor' under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate . . . (2) named in a will as the executor of the decedent's estate, even if the will is not probated . . . or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *In re Baycol Prods. Litigation*, 616 F.3d 778, 784-85 (8th Cir. 2010) (citations omitted); *see also Ashley v. Ill. Cent. Gulf. R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983) (explaining that "[u]nless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the 'proper' party for substitution would be either the executor or administrator of the estate of the deceased. 'Successors' would be the distributees of the decedent's estate if his estate had been closed") (citing *Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969)).

Here, Stromberg's daughter, who was appointed Administrator Ad Prosequendum of Stromberg's Estate by the Bergen County Surrogate Court on December 8, 2025, moves to substitute herself in the place of the decedent, Stromberg. Mot. to Substitute Party, D.E. 221-1, at 7. Dunham has expressed her intent and willingness to continue prosecuting the action on behalf of the estate. *Id.* Defendants argue that Dunham lacks personal knowledge of Stromberg's alleged damages. Defs.' Opp'n, D.E. 226, at 4-5. However, this argument does not bear on whether Dunham is a proper party for purposes of Rule 25. The proper party inquiry concerns whether the proposed substitute is the authorized administrator of the decedent's estate, not whether the substitute possesses personal knowledge of the underlying facts. Dunham, being appointed by the Surrogate Court as the administrator of Stromberg's estate, is a representative lawfully designated to act on behalf of the estate. Accordingly, Dunham qualifies as a proper party for substitution under Rule 25.

15

## IV.    CONCLUSION

For the reasons set forth above, the instant motion to substitute is **GRANTED**.  The Court shall issue an accompanying Order.

*s/ Michael A. Hammer*_____
**Hon. Michael A. Hammer,**
**United States Magistrate Judge**

**Dated**: April 8, 2026