**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HEATHER DUNHAM, as Administrator Ad Prosequendum of the Estate of Susan J. Stromberg,** | |
| **Plaintiff,** | **Civil Action No. 16-9288 (ES) (MAH)** |
| **v.** | |
| **MIDLAND FUNDING, LLC and MIDLAND CREDIT MANAGEMENT, INC.,** | **REPORT & RECOMMENDATION** |
| **Defendants.** | |

This matter comes before the Court upon the June 25, 2026 Order to Show Cause ("OSC") to Plaintiff Heather Dunham ("Plaintiff"). The OSC directed Plaintiff to show cause why her Complaint should not be dismissed for lack of Article III standing, and therefore subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3). OSC, D.E. 230. The Court considers Plaintiff's response, D.E. 231, without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Undersigned concludes that the Court lacks subject matter jurisdiction over this matter, and respectfully recommends that the District Court dismiss the Second Amended Complaint without prejudice to Plaintiff's right to pursue any such matter in state court.

## I. RELEVANT BACKGROUND

Plaintiff's mother, Susan Stromberg ("Stromberg"), incurred debt on an account she held at Capital One Bank ("Capital One"). Second Am. Compl. ("SAC"), Apr. 9, 2019, D.E. 74 ¶ 20. Stromberg made payments on the account until March 2010, when she defaulted on her debt. *Id.* ¶ 25. Defendants Midland Funding LLC and Midland Credit Management (collectively,

"Defendants") then purchased Plaintiff's account from Capital One and attempted to collect on the defaulted debt by sending a collection letter on December 16, 2015. *Id.* ¶¶ 28-29.

Stromberg filed a putative class action against Defendants on December 15, 2016. Compl., D.E. 1. The case was stayed on April 5, 2017, D.E. 11, and reopened on March 15, 2018, D.E. 13, after the Third Circuit decision in *Tatis v. Allied Interstate, LLC*, 882 F.3d 422 (3d Cir. 2018). In *Tatis,* the Third Circuit held that "a collection letter sent to collect a time-barred debt that makes a 'settlement offer' to accept payment 'in settlement of' the debt could violate the" Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). *Id.* at 425. Stromberg first amended her Complaint on June 25, 2018, D.E. 29, and then filed the operative SAC on April 9, 2019. D.E. 74.

Stromberg claimed that Defendants sent the collection letter after the applicable statute of limitations for contract obligations had passed. *Id.* ¶ 35. Stromberg also alleged that the collection letter was boilerplate in form, misrepresented that the debt was enforceable, failed to disclose that the debt collection was time-barred, and failed to warn Stromberg that her settlement of, or payment towards, the debt could re-start the statute of limitations. *Id.* ¶¶ 31, 48-52, 54-55. Stromberg claimed that she "believed, as would the least sophisticated consumer would understand, that Defendants would later sue to collect on the debt." *Id.* ¶ 53. Stromberg claimed that Defendants' practices *per se* violated the FDCPA. *Id.* ¶¶ 61, 81. She also alleged that Defendants routinely attempted to collect debts in this manner. *Id.* ¶¶ 41, 58. Accordingly, Stromberg brought suit on behalf of herself and those similarly situated for FDCPA violations, and sought damages, attorneys' fees, and interest. *Id.* ¶¶ 62, 82.

On October 13, 2021, Stromberg moved for class certification. D.E. 154. The Court denied that motion without prejudice on April 18, 2024. D.E. 173. Thereafter, only Stromberg's individual claims remained operative.

On January 17, 2025, Stromberg's counsel notified the Court by way of letter that Stromberg had passed away on April 23, 2023. D.E. 187. On January 9, 2026, Plaintiff moved for substitution under Federal Rule of Civil Procedure 25. D.E. 221. The Court granted Plaintiff's motion on April 8, 2026, and Heather Dunham was added as the Administrator Ad Prosequendum of Ms. Stromberg's estate. Op., D.E. 228; Order, D.E. 229.

While the Rule 25 issue was percolating, an issue of standing arose. Specifically, the parties filed a joint letter on October 8, 2025, in which Defendants, relying on *Filgueiras v. Midland Funding, LLC*, No. 16-3037, 2025 WL 2637171 (D.N.J. Aug. 22, 2025), asserted that this Court lacks Article III standing. D.E. 209, at 2. On October 10, 2025, the Honorable Esther Salas, U.S.D.J., ordered Plaintiff to respond to Defendants' assertion that this matter should be dismissed for lack of Article III Standing. Order, D.E. 210. Plaintiff distinguished her case from *Filgueiras* on the basis that Stromberg had filed for bankruptcy. Letter, Oct. 15, 2025, D.E. 211, at 2. That did not answer the issue, and Defendants did not move to dismiss for lack of jurisdiction. Because it remained unclear whether Plaintiff has Article III standing to assert her claims under *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the Court issued the June 25, 2026 OSC to provide the parties with an opportunity to more fully brief this issue. [1] D.E. 230.

## II. PLAINTIFF'S ARGUMENTS

[1] The Court provided Defendants until July 28, 2026 to file a response to Plaintiff's submission. D.E. 230. Defendants did not respond.

Plaintiff's response asserts that the Complaint's allegations go beyond a mere statutory harm. Plaintiff reasons that "sent her a collection letter on a time-barred debt, offered 'settlement' and 'pre-approved' discounts, omitted the material fact that the debt was legally unenforceable, omitted the legal consequences of payment or settlement, and thereby falsely implied that the account remained legally enforceable." Pl.'s Mem. in Resp. to OSC, July 14, 2026, D.E. 231, at 5. Plaintiff asserts she has Article III Standing, and that the Complaint should not be dismissed because it alleges "more than a bare statutory violation." D.E. 231, at 5.

Plaintiff first argues that she satisfies Article III's injury-in-fact requirement because Stromberg suffered a concrete harm—specifically that she filed for bankruptcy based on Defendants' misrepresentations and conduct. *Id.* at 5-6. Plaintiff relies on *Huber v. Simon's Agency, Inc.*, 84 F.4th 132 (3d Cir. 2023). In *Huber,* the Third Circuit found that the common law analogue for a § 1692(e) claim is fraudulent misrepresentation. D.E. 231, at 8. Plaintiff contends that she satisfies the *Huber* standard for reliance-based harm by partially relying on the "false implication that a time-barred debt remained enforceable" before deciding to file for bankruptcy. *Id.* Alternatively, Plaintiff argues that Defendants' failure to disclose that the debt was legally unenforceable caused her to suffer an informational injury. *Id.*

Plaintiff also argues that the alleged injury is traceable from Defendants' conduct because that same conduct is part of the causal chain that led to Stromberg to file for bankruptcy. *Id.* at 8-9. Plaintiff further asserts that the injury can be redressed by the damages she is seeking. *Id.* at 9.

In the alternative, Plaintiff argues that any dismissal should be without prejudice so that she may pursue her claims in state court. *Id.* at 10.

## III. DISCUSSION

**A. Article III Standing**

Before considering a party's claims on the merits, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see* Fed. R. Civ. P. 12(h)(3). Whether Plaintiff has Article III standing is central to the issue of whether this Court has subject matter jurisdiction over her claims. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). If "a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 515.

Federal judicial power under Article III of the Constitution is confined only to "Cases" and "Controversies." U.S. Const. art. III, § 2. "[A] case or controversy can exist only if a plaintiff has standing to sue . . . ." *United States v. Texas*, 599 U.S. 670, 675 (2023) (collecting cases); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff's "complaint . . . is the proper focus of the standing inquiry here." *Gutierrez v. Saenz*, 606 U.S. 305, 316 (2026). Accordingly, to satisfy the case-or-controversy requirement, plaintiffs, "based on their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818 (1997); *see also Carney v. Adams*, 592 U.S. 53, 59 (2020) (plaintiff "bears the burden of establishing standing as of the time he brought th[e] lawsuit and maintaining it thereafter").

Article III standing requires that a plaintiff satisfy three elements: (1) the plaintiff must have suffered an "injury in fact" that is concrete, particularized, and actual or imminent; (2) there must be a causal connection between the injury and the complained-of conduct; and (3) the injury suffered must be redressable by a decision in favor of the plaintiff. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

The injury-in-fact element requires "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (quoting *Lujan*, 504 U.S. at 560). The Supreme Court "has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion*, 594 U.S. at 426 (quoting *Spokeo*, 578 U.S. at 341). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* (quoting *Spokeo*, 578 U.S. at 341). "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427.

In FDCPA cases, a plaintiff may demonstrate financial harm suffered by relying on a debt-collection letter, as this harm is "associated with the tort of fraudulent misrepresentation." *Huber*, 84 F.4th at 141. "[B]ut confusion alone does not constitute concrete injury." *Id.* Likewise, a plaintiff can demonstrate an informational injury by alleging "the denial of information . . . to which she has entitlement." *Kelly v. RealPage Inc.*, 47 F.4th 202, 214-15 (3d Cir. 2022). Even then, "a plaintiff seeking to assert an informational injury must establish a nexus among the omitted information to which she has entitlement, the purported harm actually caused by the specific violation, and the 'concrete interest' that Congress identified as 'deserving of protection' when it created the disclosure requirement." *Id.* at 213 (quoting *Taliford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1100 (9th Cir. 2022)); *see also Reeves v. Pressler, Felt & Warshaw, LLP*, No. 25-17071, 2026 WL 594355, at *2 (D.N.J. Mar. 3, 2026).

Here, the Court must determine whether Plaintiff's operative Complaint alleges that Defendants' actions caused a concrete injury in fact beyond a mere statutory violation. After all,

"a plaintiff must identify a 'consequential action or inaction' that flowed from having received and reviewed the letter." *Fliguerias*, 2025 WL 2637171, at *6 (quoting *Huber*, 84 F.4th at 149). Plaintiff fails to do so here.

At bottom, Plaintiff asserts she has standing because "Stromberg filed for bankruptcy partly in reliance on Defendants' alleged misrepresentation." D.E. 231, at 3. There are two problems with that assertion. First, and most importantly, the Court cannot evaluate the validity of Plaintiff's assertion of an injury in fact based on Stromberg's bankruptcy filing because the SAC utterly lacks any mention of bankruptcy. *See generally* D.E. 74. That the SAC fails to mention any bankruptcy-related harms is fatal to Plaintiff's intangible and information injury theories. *See TransUnion*, 594 U.S. at 441 (an informational injury asserted by plaintiff that carries no adverse effects cannot satisfy the requirements for Article III standing). As noted above, the allegations in the operative complaint are the proper focus on the standing inquiry. *Gutierrez*, 606 U.S. at 316. But Plaintiff filed for bankruptcy in 2016, and despite amending her complaint twice, nowhere does she plead the bankruptcy filing as a theory of harm that the Court may redress with a favorable decision. D.E. 29; D.E. 74. Because Court may consider only what Plaintiff asserts in the operative complaint, these later, unplead assertions of bankruptcy are not sufficient to confer Article III standing. *See Raines*, 521 U.S. at 818; *Carney*, 592 U.S. at 59; *Friends of the Earth,* 528 U.S. at 170; *see also Reeves*, 2026 WL 2085898, at *2 n.2 (refusing to consider allegations that were absent from the complaint).

The second problem stems from the content of the bankruptcy filing itself. *See In re Stromberg*, 16-11733 (D.N.J. Bankr.), D.E. 1. Even if the SAC adequately alleged the bankruptcy filing as an injury in fact, it is unclear to the Court whether that filing is "fairly traceable" to Defendants' conduct. *Spokeo*, 578 U.S. at 338. "Traceability means that the injury

was caused by the challenged action of the defendant as opposed to an independent action of a third party." *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 158 (3d Cir. 2022). "[A] plaintiff can establish traceability even if a defendant's conduct caused—in some way—only a small part of the alleged injury." *Lezark v. I.C. Sys., Inc.*, 20-403, 2023 WL 4571457, at *10 (W.D. Pa. July 18, 2023).

In theory, filing for bankruptcy based on the letters sent by Defendant could establish Article III standing. *See id.* But the bankruptcy filing explicitly listed that Stromberg had "[u]nfiled potential/Pending [FDCPA] claim/case v. [Defendants]." *In re Stromberg*, 16-11733 (Bankr. D.N.J), D.E. 1, at 24. The Court questions how Stromberg "filed for bankruptcy partly in reliance on Defendants' alleged misrepresentation" when Stromberg already planned to sue Defendants for said misrepresentation at the time she filed for bankruptcy. D.E. 231. And Plaintiff does not reconcile that inconsistency.

Ultimately, however, the Court need not answer that question to consider standing. The SAC asserts only that "Defendants violated sections 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f of the FDCPA." D.E. 74 ¶ 80. Moreover, Plaintiff specifically states that "[t]he violations of the FDCPA described herein constitute *per se* violations." *Id.* ¶ 81. A *per se* violation asserts that a statutory violation "standing alone, without reference to additional facts," such as an actual injury to plaintiff, has occurred. *Per se*, Black's Law Dictionary (12th ed. 2024). As noted above, however, the Supreme Court "has rejected the proposition that 'a plaintiff automatically satisfies the injury in fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion*, 594 U.S. at 426 (quoting *Spokeo*, 578 U.S. at 341). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* (quoting *Spokeo*, 578 U.S. at

341). Because the *per se* violations asserted in the SAC do not satisfy Article III's injury-in-fact requirement, the Undersigned respectfully recommends that the district court dismiss this case for lack of subject matter jurisdiction.

**B. Dismissal Without Prejudice**

The dismissal of a claim with prejudice signifies "that the dismissal is an adjudication of the merits and hence a bar to further litigation of the claim." *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980); *see Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610-11 (3d Cir. 2020). A dismissal for lack of Article III standing is a dismissal based on a lack of subject matter jurisdiction. *Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020). When a claim is dismissed for lack of jurisdiction, it is not a "determination of the merits of a claim." *Korvettes*, 617 F.2d at 1024. Accordingly, the Undersigned respectfully recommends that a dismissal here should be without prejudice. *See* Fed. R. Civ. P. 41(b).[2]

## IV. CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the Complaint be **dismissed without prejudice**. The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

*s/ Michael A. Hammer*
**United States Magistrate Judge**

Dated: August 14, 2026

[2] Plaintiff asserts any dismissal should be without prejudice so that Plaintiff may pursue these claims in state court, where Plaintiff "preemptively filed a complaint." D.E. 231, at 6 n.1. The Court takes no position on the merits or timeliness of Plaintiff's state court complaint.