**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

September 4, 2026

**LETTER ORDER**

**Re:** ***Heather Dunham, as administrator ad prosequendum of the Estate of Susan J. Stromberg v. Midland Funding LLC, et al.***
**Civil Action No. 16-9288 (ES) (MAH)**

Dear Counsel:

On June 25, 2026, the Honorable Michael A. Hammer, U.S.M.J., issued an Order to Show Cause ("OTSC") providing that Plaintiff show cause why her Second Amended Complaint should not be dismissed for lack of Article III standing, and therefore subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3). (D.E. No. 230). Plaintiff filed a response on July 14, 2026. (D.E. No. 231). The Court provided Defendants until July 28, 2026 to file a response to Plaintiff's submission. (D.E. No. 230). Defendants did not respond.

On August 14, 2025, Judge Hammer issued a Report and Recommendation ("R&R") concluding that the Court lacks subject matter jurisdiction over this matter and recommending that the Court dismiss Plaintiff's Second Amended Complaint without prejudice to Plaintiff's right to pursue any such matter in state court. (D.E. No. 232). Judge Hammer concluded that Plaintiff failed to allege that Defendants' actions caused a concrete injury in fact beyond a mere statutory violation. (*Id.* at 6–7). More specifically, Plaintiff's assertion that "Stromberg filed for bankruptcy partly in reliance on Defendants' alleged misrepresentation" did not establish standing because the Second Amended Complaint lacks any mention of bankruptcy and even if Plaintiff had adequately alleged the bankruptcy filing as injury in fact, it would remain unclear whether that filing was "fairly traceable" to Defendants' conduct. (*Id.* at 6–8).

Judge Hammer provided the parties fourteen days to file and serve objections to the R&R pursuant to 28 U.S.C. § 636 and Local Civil Rule 72.1(c)(2). (*Id.* at 9). Any such objections were therefore due by August 28, 2026. To date, no party has objected to the R&R.

"[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes). Accordingly, having reviewed the record and Judge Hammer's unopposed R&R, and for the reasons stated therein, and for good cause shown,

**IT IS** on this 4th day of September, 2026,

**ORDERED** that Judge Hammer's unopposed R&R (D.E. No. 232) is **ADOPTED** in full; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint (D.E. No. 74) is **DISMISSED** *without prejudice*; and it is further

**ORDERED** that the Clerk of Court shall **TERMINATE** Docket Entry Number 74; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case; and it is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Plaintiff via regular and certified U.S. Mail, return receipt requested.

*/s Esther Salas*
**Esther Salas, U.S.D.J.**